CARR vs. WELD and others.

1. An answer, simply averring that the facts stated in a paper, purporting to be the answer of another defendant in the cause, "are substantially correct as far as these defendants are concerned," is formally and substantially defective.

2. Even upon a full denial of the equity of the bill, the court will, in its discretion, retain the injunction until the final hearing.

Upon filing the bill in this cause, an injunction issued to stay execution upon a confessed judgment. Answers were filed by all the defendants. Edward D. Weld, one of the defendants, then moved to dissolve the injunction.

*Defendant, pro se,* in support of the motion.

*Mr. J. Wilson,* contra.

THE CHANCELLOR.

The answer of R. A. Poole, and Mary Elizabeth his wife, which latter is the real defendant in point of interest, is both formally and substantially defective; it simply avers that the facts stated in a paper, which is called the answer of E. D. Weld in this cause, are substantially correct as far as they are concerned. Comment on such an answer would be superfluous. Besides, their answer was sworn to before the answer of E. D. Weld was sworn to or filed, and therefore before it had any existence as an answer; it was the draft of an answer, subject to alteration and correction.

Even if there was a full denial of the equity of the bill correctly before the court, this is one of the cases in which the discretion always exercised in such matters, should induce the court to retain the injunction until the final hearing.

The case is by no means free from suspicion, and were the injunction dissolved, the complainant might lose all remedy.

The motion is denied.